GREENBLATT, PIERCE, ENGLE, FUNT & FLORES, LLC
BY: MICHAEL J. ENGLE, ESQUIRE
ID NO. 85576
123 SOUTH BROAD STREET, SUITE 2500
PHILADELPHIA, PA 19109
(215) 985-4275

_____    ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| vs. | : | CRIMINAL NO. 14-149 |
| | : | |
| ERIK VON KIEL | : | |

## DEFENDANT'S MOTION FOR PRE-TRIAL RELEASE AND REVOCATION OF DETENTION ORDER

ERIK VON KIEL, by his attorney, Michael J. Engle, Esquire, moves that the Court grant his release pending trial and in support of this Motion it is averred that:

1. The Indictment in this matter charges the Defendant with violations of 18 U.S.C. § 371, Conspiracy to Defraud the United States, 26 U.S.C. § 7201, Attempting to Evade or Defeat Federal Tax, and 18 § U.S.C. 2, Aiding and Abetting.

2. The Defendant was arrested on February 28, 2014. His initial appearance was before Magistrate Judge Elizabeth T. Hey and the Government's Motion for Temporary Detention was granted.

3. On March 5, 2014, a Pre-Trial Hearing was held before Magistrate Judge Lynne A. Sitarski and the Government's Motion for Detention was granted.

4. The Defendant is 58 years old.

5. The Defendant has resided in Pennsylvania for the majority of his life.

6. The Defendant has strong ties to the Eastern District of Pennsylvania.

7. The Defendant does not have a prior criminal history.

8. The Defendant has no history of failing to appear for court.

9. There is no applicable mandatory minimum sentence in this case and the advisory sentencing guideline range is not particularly high.

10. There are no allegations that the Defendant carried a firearm or engaged in any violence during the course of the alleged criminal conduct in this case.

11. The Defendant has a significant medical condition that remains unresolved and requires medical attention and testing.

12. The Defendant has always maintained employment.

13. The Defendant has no history of drug use or abuse.

14. The Defendant has been unemployed since August 2013 due to physical and mental health conditions. Prior to then, he was always gainfully employed.

15. The preparation of Dr. Von Kiel's defense will be severely hampered if he is not released pretrial. Dr. Von Kiel will be able to more effectively assist counsel in establishing his defense theory, while also assisting counsel in the investigation of this case, securing witnesses for the defense and preparing his case for trial.

16. There are conditions of release which can further minimize the very small chance of danger to others and of flight. Dr. Von Kiel can be placed on an electronic monitor at a residence with permission to leave only for employment, religious services, necessary medical appointments and to consult with his lawyer. He will report as directed to Pretrial Services and will not contact any potential government witness.

WHEREFORE, the Defendant respectfully requests that this Honorable Court grant his Motion for Pre-Trial Release and Revocation of Detention Order in this matter for all of the reasons set forth in this motion and the attached memorandum of law. The Defendant also respectfully requests a hearing on this matter.

RESPECTFULLY SUBMITTED:

SIGNATURE CODE: MJE5849
MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

GREENBLATT, PIERCE, ENGLE, FUNT & FLORES, LLC
BY: MICHAEL J. ENGLE, ESQUIRE
ID NO. 85576
123 SOUTH BROAD STREET, SUITE 2500
PHILADELPHIA, PA 19109
(215) 985-4275

_____          ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| vs. | : | CRIMINAL NO. 14-149 |
| ERIK VON KIEL | : | |

**Memorandum of Law in Support of Defendant's Motion
for Pre-Trial Release and Revocation of Detention Order**

**I.     Procedural History:**

On March 27, 2014, the Government filed a six count Indictment against Dr. Von Kiel, which charged him with violations of 18 U.S.C. § 371, Conspiracy to Defraud the United States (one count), 26 U.S.C. § 7201, Attempting to Evade or Defeat Federal Tax (five counts), and 18 § U.S.C. 2, Aiding and Abetting, from incidents that allegedly occurred between 2001 and 2013. The Defendant was arrested on February 28, 2014. His initial appearance was before Magistrate Judge Elizabeth T. Hey and the Government's Motion for Temporary Detention was granted. On March 5, 2014, a Pre-Trial Hearing was held before Magistrate Judge Lynne A. Sitarski and the Government's Motion for Detention was again granted. Since then, Dr. Von Kiel has remained incarcerated at the Federal Detention Center (hereinafter "FDC") in Philadelphia, Pennsylvania awaiting trial.

## II. Law:

### A. Pre-Trial Release

The availability of pre-trial release is governed by the Bail Reform Act of 1984 (hereinafter "BRA"). *United States v. Chagra*, 850 F. Supp. 354, 356 (W.D. Pa. 1994). Pursuant to 18 U.S.C. § 3142(b), an individual must be released on his own recognizance or upon execution of an unsecured appearance bond unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *Id.* at 356. If the Court determines that either personal recognizance or an unsecured bond will not reasonably assure either end, 18 U.S.C. § 3142(c)(1)(b) requires the Court to impose the least restrictive further condition that will reasonably assure the appearance of the defendant and the safety of the community. After a detention hearing, the Court shall order detention of the defendant pending trial if it finds "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. 3142(e), there are two rebuttable presumptions that apply to detention hearings; neither of which apply to Dr. Von Kiel.

When charges against a federal defendant do not trigger statutory presumption that no conditions of release can adequately assure defendant's attendance at trial, the burden is on the Government to prove by clear and convincing evidence that the defendant is a danger to the community or by a preponderance of the evidence that he poses a flight risk pending trial. *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986).

In making a determination of whether a defendant is a flight risk or a danger to the community, the judicial officer must take into account the available information concerning: the

nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; the weight of the evidence against the person; and the history and characteristics of the person. *Chagra*, 850 F. Supp. at 356. In determining the latter factor, the court should consider the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating of drug or alcohol abuse, criminal history, and record concerning appearance at court proceeding; whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing appeal, or completion of sentence for an offense under federal, state or local law; and the nature and seriousness of the danger to any person in the community that would be posed by the person's release. *Id.* at 356-357; *see also United States v. Rice*, 2011 WL 594202, at *5 (E.D. Pa. November 28, 2011).

  B. <u>Danger to Community</u>

The government bears the burden of showing dangerousness by clear and convincing evidence. "The possession of guns standing alone does not constitute clear and convincing evidence sufficient to support the entry of a detention order against a defendant on grounds of dangerousness under the Bail Reform Act." *United States v. Jeffries*, 679 F. Supp. 1114 (M.D. Ga. 1988). The danger of recidivism is probably not the type of danger to the community which will support detention. *Himler*, 797 F.2d at 156.

  C. <u>Risk of Flight</u>

In regards to risk of flight, the BRA does not require that the risk be zero, but that conditions imposed "reasonably assure" appearance. 18 U.S.C. § 3142(f); *United States v. Hir*, 517 F.3d 1081, 1091-92, n. 9 (9th Cir. 2008); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir.

1985); *United States v. Madoff*, 586 F. Supp. 2d 240, 249 (S.D.N.Y. 2009). Opportunity to flee is not enough to justify detention. *Himler*, 797 F.2d at 162. A longer pre-trial detention is more justifiable for a defendant found to be dangerous than for a defendant who presents only a risk of flight. *United States v. Orena*, 986 F.2d 628, 631 (2nd Cir. 1993).

### III.    Analysis:

Dr. Von Kiel has been incarcerated at FDC Philadelphia since February 28, 2014. Dr. Von Kiel has been charged with violating 18 U.S.C. § 371, Conspiracy to Defraud the United States, 26 U.S.C. § 7201, Attempting to Evade or Defeat Federal Tax, and 18 § U.S.C. 2, Aiding and Abetting, and no presumption of detention exists in this case; furthermore, nothing in the statute modifies or limits the presumption of the defendant's innocence prior to trial. 18 U.S.C. § 3142(j). Dr. Von Kiel is neither a flight risk nor a danger to community for the reasons set forth hereinafter. Additionally, the preparation of Dr. Von Kiel's defense will be severely hampered, if he is not released pretrial. Dr. Von Kiel will be able to more effectively assist counsel in establishing his defense theory, while also assisting counsel in the investigation of this case, securing witnesses for the defense and preparing his case for trial. Thus, the Court should release Dr. Von Kiel with conditions.

A. Dr. Von Kiel Does Not Pose a Risk to the Community

The Defendant is 58 years old, and at the time of arrest, he resided with his wife, and their nine children, ages eight to 25. He and his wife were separated for several years, but in December 2013 reconciled. Prior to reconciliation, the young children resided with Mrs. Von Kiel, who provides homeschooling, and although separated from his wife, Dr. Von Kiel was heavily involved in their daily lives and schooling.

Dr. Von Kiel has no prior criminal record. The Government alleged that Dr. Von Kiel

owned an AK-47 assault rifle. Dr. Von Kiel has represented to Defense Counsel that the weapon at issue was an antique M-90 Yugoslavian firearm that he previously transferred to his adult son as a family heirloom in August of 2013; the weapon should have been registered in his son's name. At the time of the Detention Hearing, it was alleged that Dr. Von Kiel misrepresented the ownership of a weapon; however, he was asked directly about an AK-47, and he responded that he did not own that weapon. The photograph the Government referenced clearly displays an M-90 firearm, not an AK-47.

Upon his release, he would reside with his wife in a weapons free environment. He would not attempt to obstruct justice or intimidate a witness or juror. As such, Dr. Von Kiel is clearly not a danger to the community and should be released with conditions.

B. Dr. Von Kiel Does Not Pose a Serious Flight Risk

As discussed above, one of the grounds for Pre-Trial Detention is that a defendant is a flight risk and will not appear for Court. *Chagra*, 850 F.Supp. at 356. The burden is on the Government to prove this by a preponderance of the evidence. *Himler*, 797 F.2d at 160-61. The Government also has the burden to show that *no combination of conditions* can reasonably assure the appearance of the person. *United States v. Shakur*, 817 F.2d 189, 195 (2nd Cir. 1987). There is no evidence that Dr. Von Kiel has ever fled from any lawful authority. . For these reasons and those listed below, Dr. Von Kiel does not pose a serious flight risk and should be released with conditions.

1. Dr. Von Kiel Has Ties to the Community

Dr. Von Kiel has strong ties to the Eastern District of Pennsylvania, which can be established through his education, employment, and residential history in Pennsylvania. The Government alleged that Dr. Von Kiel is homeless. However, prior to his arrest, he had been

living in New Triple, Pennsylvania for six years. As of December 2013, Dr. Von Kiel resided with his family also in New Triple, Pennsylvania. Dr. Von Kiel was born in Abington, Pennsylvania and he was raised in the Quakertown, Pennsylvania area. If released, Dr. Von Kiel can reside with his wife and children at their home. In the alternative, he can reside with his mother-in-law in Macungie, Pennsylvania.

Dr. Von Kiel attended all local high school and colleges. He graduated from Penn Ridge High School; he received his Bachelor of Science in Biology from Delaware Valley Science and Agriculture; and he graduated from Philadelphia College of Osteopathic Medicine. He was Honorably Discharged from the Army in 1994, after earning the rank of Captain in the United States Reserve 348th Medical Corps. The only time he left Pennsylvania was for six months to participate in an internship in Seattle, Washington. Dr. Von Kiel was Board Certified by the American Board of Family Practice from 1990 until 1997. He spent most of his career working as a Medical Director of Lehigh County Prison System. While employed there and until his arrest, Dr. Von Kiel was certified by the National Commission on Correctional Health Care. He has regularly contributed personal time and resources to medicine. This shows that he has ties to the community and is not a serious flight risk

2. Dr. Von Kiel Intends to Fight This Allegation

Dr. Von Kiel intends to vigorously defend himself against the charge and he maintains his innocence. A finding that the Defendant is a flight risk is inconsistent with the fact that he did not flee during the six month pendency of the Government investigation. Rather, the Defendant endeavored to cooperate with the Government, yet he remained prepared to fight any unwarranted charges. Because Dr. Von Kiel intends to fight these charges in order to clear his name, he does not pose a serious flight risk and should be released with conditions.

3. <u>Dr. Von Kiel Has No Prior Criminal History and No History of Drug/Alcohol Abuse</u>

Dr. Von Kiel has no criminal history and no history of drug or alcohol abuse. As such, Dr. Von Kiel is not a danger or a serious flight risk and should be released with conditions.

4. <u>Dr. Von Kiel Has a Stable Work History</u>

Dr. Von Kiel has had a long and distinguished employment history in the Eastern District of Pennsylvania. As mentioned above, Dr. Von Kiel spent the majority of his career, 25 years, as the Medical Director of Lehigh County Prison System. Thus, while here in Pennsylvania, he built many working relationships and friendships.

5. <u>Dr. Von Kiel Cannot Leave the Country</u>

Dr. Von Kiel does not pose a serious flight risk. The Government has made assumptions that because Dr. Von Kiel previously purchased Spanish language CDs, he is likely to flee. This conclusion is unfounded. As mentioned above, Dr. Von Kiel's children are educated at home by Mrs. Von Kiel and the CDs were purchased as part of the homeschooling curriculum. Additionally, the Government alleged that Dr. Von Kiel has a large sum of money from the proceeds of the sale of the family home; this too is erroneous. Upon receiving the funds, Dr. Von Kiel paid rent for one year for his family's new residence, in addition to paying back loans. The money has been disbursed and the remaining funds are what Mrs. Von Kiel and the five children at home having been living off of since December 2013. Moreover, to support that the funds are disbursed, Mrs. Von Kiel has returned to work as a Home Health Aid and her sister has traveled across county to live with her to help financially support the children.

C. Deplorable Prison Conditions Affecting Dr. Von Kiel's Physical and Mental Health

Dr. Von Kiel's health has suffered since his incarceration. He suffers from juvenile diabetes, hypothyroid, Vitamin D deficiency, PTSD, and prior to his arrest, he was being monitored for skin cancer. Dr. Von Kiel recently had a chest X-ray and, as a result of finding a mass in his lung, he was sent for a CT Scan. To date, he has an undiagnosed medical issue that has gone untreated. The FDC also does not appear to be capable of addressing his Vitamin D. deficiency. Dr. Von Kiel has advised that he is not receiving his thyroid medicine and he has been denied care for his skin cancer and rectal bleeding. Moreover, the stress of this case and the incarceration caused Dr. Von Kiel's PSTD to be aggravated. However, he is coping to the best of his ability due to the fact that there is no psychiatrist at the FDC.

The circumstances surrounding Dr. Von Kiel's continued detention are cruel and unusual, resulting in significant mental, psychological, emotional and physical trauma. The effect of pre-trial detention on Dr. Von Kiel is inhibiting his ability to prepare a proper defense.

## IV. Conclusion:

The Government is concerned that Dr. Von Kiel will not appear for his court appearances if he is released and that he is a danger to the community. Based on the foregoing, those concerns are unsupported. Nonetheless, Dr. Von Kiel is willing to submit to any combination of conditions to assure the Court of his determination to establish his innocence at trial.

WHEREFORE, the Defendant respectfully requests that this Honorable Court grant his Motion for Pre-Trial Release and Revocation of Detention Order.

RESPECTFULLY SUBMITTED:

SIGNATURE CODE: MJE5849
MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : 
:
    vs. :    CRIMINAL NO. 14-177
:
ERIK VON KIEL :

## **O R D E R**

AND NOW this ___ day of _____, 2014, upon consideration of the Defendant's Motion for Pre-Trial Release and Revocation of Detention Order, it is hereby **ORDERED** that ERIK VON KIEL shall be released forthwith on the following conditions:

1. Dr. Von Kiel shall be released on his own recognizance;

2. Upon his release Pretrial Services shall place an electronic monitor on Dr. Von Kiel's ankle and he shall remain on house arrest at _____, and shall only leave the residence for approved religious services, necessary medical appointments and to consult with his counsel;

3. Dr. Von Kiel shall not possess a firearm;

4. Dr. Von Kiel shall not apply for a new passport or a replacement passport;

5. He shall report as directed by Pretrial Services;

6. He shall have no contact with any government witness involved in this matter;

7. He shall not commit any crime whether it is an offense prohibited by any State or by federal law;

8. He shall be drug tested as determined by Pre-Trial Services.

                          SO ORDERED:

                          HONORABLE JEFFREY L. SCHMEHL
                          U.S. District Court Judge

# CERTIFICATE OF SERVICE

    I, MICHAEL J. ENGLE, ESQUIRE, HEREBY CERTIFY THAT I HAVE FORWARDED BY ELECTONIC FILING, A TRUE AND CORRECT COPY OF THE FOREGOING MOTION FOR PRE-TRIAL RELEASE AND REVOCATION OF DETENTION ORDER TO THE FOLLOWING PERSONS:

| | |
|---|---|
| HONORABLE JEFFREY L. SCHMEHL<br>CHAMBERS<br>U.S. COURTHOUSE<br>601 MARKET STREET<br>PHILADELPHIA, PA 19106 | MARK B. DUBNOFF, AUSA<br>615 CHESTNUT STREET<br>SUITE 1250<br>PHILADELPHIA, PA 19106 |

                                              SIGNATURE CODE: MJE5849
                                              MICHAEL J. ENGLE, ESQUIRE
                                              ATTORNEY FOR DEFENDANT

DATED: June 6, 2014